52 F.3d 326
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Ricky D. MORGAN, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 94-3447.
 United States Court of Appeals, Sixth Circuit.
 April 10, 1995.
 
 Before: KENNEDY and NORRIS, Circuit Judges; and TAYLOR, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff, Ricky Morgan, appealed the denial of his social security disability insurance benefits (DIB) to the District Court, which remanded the case to the Secretary. On remand, the Secretary once again denied plaintiff's application, and plaintiff again appealed. The District Court upheld the Secretary's second decision, and plaintiff now appeals to this court. This appeal presents us with two questions: whether the Secretary and the District Court violated the doctrine of law of the case during the second round of hearings and whether the Secretary's second decision was supported by substantial evidence. We affirm.
 
 I.
 
 2
 Plaintiff applied for DIB in January 1986, but was denied benefits at the initial administrative levels. Following a hearing, the ALJ issued a decision on November 25, 1988, finding that plaintiff suffered from "monoplegia of the right leg secondary to childhood polio, lumbosacral strain, malunion of the left tibia and strain of the left knee." Admin.Rec. at 59. The ALJ also concluded that plaintiff's allegations of pain were not supported by the objective medical evidence in the record and that plaintiff was not disabled, as he possessed the residual functional capacity to perform sedentary work. Id.
 
 
 3
 Plaintiff appealed this decision to the District Court, which held that the ALJ improperly rejected the opinion of plaintiff's treating physician and therefore erred in rejecting plaintiff's allegations of disabling pain. The court also concluded that plaintiff's pain constituted a non-exertional limitation requiring a non-guideline determination; the ALJ had relied exclusively on the guidelines in finding plaintiff not disabled and had not heard any testimony from a vocational expert. In remanding the case to the Secretary for further proceedings, the District Court stated, "vocational expert testimony is necessary and ... both parties should be allowed to introduce additional evidence relevant to plaintiff's condition." Dist.Ct.Op. (Feb. 12, 1991) at 6-7.
 
 
 4
 By the time the case was remanded and a new hearing held, plaintiff had begun seeing another doctor, Dr. Bennett. At the second hearing, plaintiff produced evidence from Dr. Bennett in addition to the medical evidence he submitted at the first hearing. The Secretary also submitted additional medical evidence, in the form of testimony from a medical advisor, Dr. Cox. Finally, the ALJ also heard testimony from a vocational expert.
 
 
 5
 The ALJ issued his decision on November 22, 1991. This second decision was in substantial agreement with the first, finding that plaintiff suffered from the same medical conditions and that plaintiff's subjective complaints of disabling pain were not supported by the record. The second decision, however, did find that plaintiff possessed the residual functional capacity to perform only a limited range of sedentary work. Relying on the VE testimony, the ALJ concluded that plaintiff could still perform a significant number of jobs in the national economy and was therefore not disabled.
 
 
 6
 On appeal, the District Court agreed with plaintiff that the ALJ should not have treated Dr. Barker's opinion as an opinion of a treating doctor since he had not treated petitioner for several years. Nevertheless, the District Court affirmed the decision of the Secretary, concluding that the ALJ had pointed to sufficient other evidence to support his decision:
 
 
 7
 Such evidence includes physical examinations that consistently note the claimant's left lower extremity had normal sensation, normal muscle strength and normal reflexes with no indication of significant joint abnormality. The ALJ further found that the plaintiff can ambulate without the need of an ambulatory aid (although he uses a cain [sic]. Lumbar x-rays taken in 1985 showed no significant abnormalities, and lumbar x-rays taken in 1989 showed only mild scoliosis with no bony abnormality--a condition that would not produce disabling pain.
 
 
 8
 Further, the ALJ based his findings on several other factors, including the fact that the plaintiff neither sought nor received any medical attention between October 1987 and November 1989, and that plaintiff's only treatment for his complaints of pain have included non-steroidal anti-inflammatories or muscle relaxants, as well as physical therapy consisting of back strengthening exercises, ultrasound, massage, hot packs, and pelvic traction. The ALJ found that these factors do not suggest the presence of disabling pain. While the plaintiff stated that he can walk no more than 20 yards at one time or stand for more than 10-15 minutes at one time, he has stated that he can sit for up to two hours at one time, a statement that is consistent with the conclusion that plaintiff has the RFC to perform sedentary work. Additionally, the plaintiff testified that he can perform a variety of daily activities, including watching television, reading the newspaper, driving a car, and going to a movie....
 
 
 9
 Dist.Ct.Op. (Feb. 14, 1994) at 8-9. Plaintiff now appeals.
 
 II.
 A. Law of the Case
 
 10
 Plaintiff initially argues that both the Secretary and the District Court violated the doctrine of law of the case in the second round of hearings and opinions. According to plaintiff, the District Court, in its first opinion, concluded that the record contained substantial evidence to support plaintiff's allegations of disabling pain and that the ALJ therefore erred in rejecting plaintiff's testimony. The plaintiff contends that the Secretary should not have revisited this issue in the second hearing and decision.
 
 
 11
 The doctrine of law of the case essentially states that, absent special circumstances, once an appellate court has decided an issue, that decision is binding on lower courts and other appellate courts during further proceedings in the same action. In the words of the Seventh Circuit,
 
 
 12
 the question of whether the Secretary violated the law of the case on remand is best answered by carefully considering the scope of the district court's remand order. The reason for this examination is that the law of the case doctrine comes into play only with respect to issues previously determined.... If an issue is left open after remand, the lower tribunal is free to decide it.
 
 
 13
 Key v. Sullivan, 925 F.2d 1056, 1061 (7th Cir.1991) (citations omitted). In the present case, the District Court's remand was broader than plaintiff has asserted. The District Court stated that on remand, "both parties should be allowed to introduce additional evidence relevant to plaintiff's condition." Thus, the District Court left the issue of plaintiff's medical condition open for reconsideration, which is exactly what the Secretary did. Thus, the law of the case doctrine does not foreclose either the Secretary's conclusion or the District Court's affirmance of it.
 
 B. Substantial Evidence
 
 14
 Plaintiff also argues that, even if the Secretary did not err on remand, her decision should not be affirmed. As has been oft repeated, we review the Secretary's decision to determine whether it was supported by substantial evidence. Sherrill v. Secretary of HHS, 757 F.2d 803, 804 (6th Cir.1985). So long as substantial evidence exists, we cannot overturn that decision, even if substantial evidence exists to support the opposite conclusion. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir.1986).
 
 
 15
 A review of the record shows that the District Court correctly concluded that the Secretary's decision is supported by substantial evidence. Thus, we cannot overturn it.
 
 III.
 
 16
 For the foregoing reasons, we AFFIRM the judgment of the District Court.
 
 
 
 *
 The Honorable Ann Diggs Taylor, United States District Judge for the Eastern District of Michigan, sitting by designation